**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK,

    Plaintiff,

v.

HELEN BUSTAMANTE, et al.,

    Defendants.
    _____/

No. C 12-03564 JSW

**ORDER OF REMAND**

Defendant Helen Bustamante removed on the basis of federal question jurisdiction. This Court has an independent duty to ascertain its jurisdiction and may remand *sua sponte* for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

1    Moreover, a court must construe the removal statute strictly and reject jurisdiction if
2 there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480,
3 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if
4 there is any doubt as to the right of removal in the first instance.")

5    "The presence or absence of federal-question jurisdiction is governed by the 'well-
6 pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 392.  The well-pleaded complaint rule
7 recognizes that the plaintiff is the master of his or her claim.  "[H]e or she may avoid federal
8 jurisdiction by exclusive reliance on state law." *Id.*  Thus, under the well-pleaded complaint
9 rule, federal-question jurisdiction arises where the "complaint establishes either that federal law
10 creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution
11 of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

12    The State Court action is an unlawful detainer action and, thus, federal law does not
13 create the cause of action.  Moreover, the Court concludes that the claim will not necessarily
14 depend upon the resolution of a substantial question of federal law, because Plaintiff need not
15 prove compliance with the federal law relied upon by Defendant to establish their claim. *See,*
16 *e.g., Grable & Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005).

17    Furthermore, a court cannot exercise removal jurisdiction on the ground that the
18 complaint gives rise to a potential or an anticipated *defense* that might raise a federal question,
19 even if the defense is the only question truly at issue in the case. *Franchise Tax Board*, 463
20 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not*
21 be removed to federal court on the basis of a federal defense, including the defense of pre-
22 emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties
23 concede that the federal defense is the only question truly at issue.") (emphasis in original).

24    Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter, and
25 it HEREBY REMANDS this action to the Superior Court of the State of California in and for
26 ///
27 ///
28 ///

2

the County of Placer.  *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).

**IT IS SO ORDERED.**

Dated: August 2, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK,<br><br>        Plaintiff,<br><br>  v.<br><br>HELEN BUSTAMANTE et al,<br><br>        Defendant. | Case Number: CV12-03564 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 2, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alberto B. Fuentes
Helen Bustamante
Jimmy Lopez
5141 Ashley Wood Drive
Granite Bay, CA

Dated: August 2, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk